# Bibb v. Collins.

*Motion for Amendment of Sheriff's Return on Execution, and Conveyance by Sheriff of Lands sold by Predecessor.*

1. *Amendment of sheriff's return on fi. fa.* — A sheriff's return on an execution, made at the proper time, and correctly stating the facts then existing, cannot be amended by incorporating into it facts subsequently occurring, with which the sheriff had no connection; *e. g.*, the payment of the purchase-money of lands sold under the execution, by the purchaser to the plaintiff in the writ, after the return day.

2. *Same; parties to motion.* — An amendment of the sheriff's return on an execution, so as to make it show that the purchase-money of lands sold under the writ was paid by the purchaser to the plaintiff in execution, if proper in other respects, should not be made in the absence of the sheriff who made the sale, and of the plaintiff in the execution.

3. *Conveyance by sheriff, of lands sold by predecessor.* — On motion for an order against a sheriff, requiring him to execute to the purchaser a conveyance of lands sold under execution by his predecessor (Rev. Code, § 2869), the return on the execution is conclusive, until it is amended, or vacated in a direct proceeding; and if such an order can be granted on parol proof of the fact that the purchase-money has been paid, it can only be when the parties to be affected by the fact are before the court.

[Bibb v. Collins.]

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JAMES Q. SMITH.

A judgment having been rendered by said circuit court of Montgomery, on the 5th February, 1868, for $2,284.20, in favor of Perry Reese, as guardian of George M. Reese, against Winston J. Hunter, Edmund Harrison, and J. Dubose Bibb; an execution, issued on said judgment, was placed in the hands of R. L. Bowling, sheriff of Washington county, and was by him levied on certain lands in his county, as the property of said Hunter. The lands were sold by said sheriff, under said levy, on the first Monday in May, 1869, J. Dubose Bibb becoming the purchaser, at the price of $2,658.31. On the 26th of May, 1869, which was the regular return day of the execution, the sheriff made his return on it, stating the levy and sale, and adding these words : " Said Bibb has paid my costs only ; the principal and interest is still unpaid, and said Bibb has failed to comply with the terms of said sale."

At the December term, 1872, said Bibb made the following motion before said court : " Now comes J. Dubose Bibb, the purchaser of the lands mentioned and described in said return of said sheriff, and moves the court to amend and correct said return, in so far as it recites that he, said Bibb, has failed to comply with the terms of sale. And said R. L. Bowling having vacated the office of sheriff of said county of Washington, before making a conveyance to said Bibb of said lands so sold to him, as set forth in said return, said Bibb further moves the court to order Eli Collins, the present sheriff of Washington county, and successor of said R. L. Bowling in said office of sheriff, to make a conveyance to him, the said Bibb, of said lands so sold to him as aforesaid. And said Bibb avers, that he paid to said R. L. Bowling, as sheriff of said county, the costs and expenses of said sale, to wit, the sum of $135.70 ; and at the request of said Perry Reese, the plaintiff in the execution, and with the consent of said Bowling, sheriff as aforesaid, he, said Bibb, paid to said Perry Reese, to wit, on the 31st day of May, 1869, the residue of said purchase-money, to wit, the sum of $2,522.61, the said Perry Reese being entitled to the same. All of which he is ready to verify."

Notice of this motion having been served on said Eli Collins, he appeared, and filed a demurrer to it, assigning the following causes of demurrer : " 1. The facts set forth in said notice are not sufficient to enable the court to grant the motion and order therein prayed for. 2. The court has no power to amend the sheriff's return in this case. 3. The court has no power, under this proceeding, to amend the return of R. L. Bowling as sheriff. 4. The payment was not made to the sheriff, and the defendant is not liable to any order under the statute. 5.

[Bibb v. Collins.]

The sheriff, said R. L. Bowling, had no power to make a deed to said Bibb, under and by virtue of the bid, and pretended sale, and sheriff's return on the execution in this case." The court sustained the demurrer, and refused to grant the motions; to which ruling said Bibb reserved a bill of exceptions, and which he now assigns as error.

WATTS & TROY, for the appellant.

D. C. ANDERSON, with STONE & CLOPTON, contra.

BRICKELL, J. — The motion of the appellant was properly overruled. So far as it proposed an amendment of the return of the sheriff, Bowling, it is obnoxious to several objections. That return was made at the time appointed by law, and stated truly the facts then existing. This is affirmed in the motion. When a ministerial officer, whose duty it is to execute process, makes a return thereof, and of his action thereon, at the time appointed by law, and states fully and truthfully the facts, his duty as to the return is performed. Facts subsequently occurring cannot be imported into such return, and become part thereof. They cannot convert into a false, or erroneous return, a return true when it was made. When Bowling made his return, the purchase-money of the lands had not been paid by the appellant. The averment of the notice is, that after the return the purchase-money was paid to the plaintiff in execution. This may have operated a satisfaction of the appellant's bid, and may entitle him to a proper conveyance of title. It cannot entitle him to an amendment of the sheriff's return. Indeed, his application is not for an amendment of the return — not for its correction — not for a statement of the sheriff's action, but for the introduction into the return of facts occurring between appellant and the plaintiff in execution, with which the sheriff had no connection.

The sheriff, whose return it is proposed to amend, was not before the court, nor was the plaintiff in execution, to whom, it is averred, the purchase-money was paid. In the absence of the sheriff, and of the plaintiff in execution, if the amendment had been in other respects proper, it should have been refused. If the proposition of appellant was, that the amended return should be made by the sheriff, affirming a payment of the purchase-money to the plaintiff in execution, then he should have been before the court, that he might become chargeable with whatever liability such a return would involve. If it was proposed to bind the plaintiff in execution, so that the purchase-money would, pro tanto, extinguish his judgment, he should have been before the court, to confess or deny the payment.

VOL. LI.

[Miller v. Underwood.]

He could not be bound by an adjudication of which he had no notice.

The motion, so far as it sought an order on the appellee, the successor of Bowling, to make a conveyance, was also properly refused. The return of Bowling, in this proceeding, could not be impeached. It imported absolute verity, until vacated by a direct proceeding. With that return remaining of record, the appellant was not entitled to a conveyance. His right to a conveyance rested on the payment of the purchase-money; of the non-payment of which the return was conclusive evidence. If the facts are as stated in the motion, the appellant may have a remedy. The statutory remedy, an order to the successor of the sheriff, to make a conveyance, if it can be pursued when the fact of payment of the purchase-money rests in parol, can only be pursued when the parties to be affected by the fact are before the court. The judgment is affirmed.